UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ESTELLA JONES, ) | |
|     Plaintiff, ) | |
| ) | |
|     v. ) | CAUSE NO.: 2:04-CV-508-PRC |
| ) | |
| DYER NURSING AND ) | |
| REHABILITATION CENTER, ) | |
|     Defendant. ) | |

**OPINION AND ORDER**

This matter is before the Court on a Motion for Summary Judgment [DE 10], filed by Defendant Dyer Nursing and Rehabilitation Center on August 26, 2005. The Plaintiff has not responded. For the following reasons, the Court grants the Defendant's Motion for Summary Judgment.

**PROCEDURAL BACKGROUND**

On April 28, 2004, the Plaintiff filed a Complaint in the Lake Superior Court. On June 1, 2004, the Defendant filed a timely Answer and Affirmative Defenses. On November 1, 2004, the Plaintiff filed an Amended Complaint alleging unlawful discharge in violation of her rights under Article I, Section 23 of the Indiana Constitution and 42 U.S.C. §§ 1981 and 1983. The Plaintiff's claim arises from her alleged "unlawful termination as a nursing aid [sic] because of her race and unequal treatment." Pl. Am. Compl. at 1. The Defendant removed the cause of action to the United States District Court for the Northern District of Indiana pursuant to 28 U.S.C. § 1441. On

1

December 16, 2004, the Defendant filed a timely Answer and Affirmative Defenses to the Plaintiff's Amended Complaint.

The parties participated in a Preliminary Pretrial Conference on February 17, 2005. Thereafter, on June 27, 2005, the Defendant served on the Plaintiff's counsel its First Set of Interrogatories and Request for Admissions pursuant to Federal Rules of Civil Procedure 33 and 36. Under Rule 36(a), the time for the Plaintiff to serve written answers or objections was on or before August 1, 2005.

After receiving no response to the Request for Admissions from the Plaintiff, Defendant's counsel advised the Plaintiff's counsel by letter dated August 9, 2005 that the Defendant deemed the matters admitted.

As of the date of this Order, the Plaintiff has not filed a response to the Defendant's Motion for Summary Judgment.

The parties have consented to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Thus, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

## SUMMARY JUDGMENT STANDARD

The Federal Rules of Civil Procedure mandate that motions for summary judgment be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence

2

of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  "[S]ummary judgment is appropriate-in fact, is mandated-where there are no disputed issues of material fact and the movant must prevail as a matter of law.  In other words, the record must reveal that no reasonable jury could find for the non-moving party." *Dempsey v. Atchison, Topeka, & Santa Fe. Ry. Co.*, 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotation marks omitted).

A party seeking summary judgment bears the initial responsibility of informing a court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.  *Celotex*, 477 U.S. at 323.  The moving party may discharge its "initial responsibility" by simply "'showing'-that is, pointing out to the district court-that there is an absence of evidence to support the non-moving party's case." *Id.* at 325.  When the non-moving party would have the burden of proof at trial, the moving party is not required to support its motion with affidavits or other similar materials negating the opponent's claim.  *Id.* at 323, 325; *Green v. Whiteco Indus., Inc.*, 17 F.3d 199, 201 n.3 (7th Cir. 1994); *Fitzpatrick v. Catholic Bishop of Chicago*, 916 F.2d 1254, 1526 (7th Cir. 1990).

Once a properly supported motion for summary judgment is made, the non-moving party cannot resist the motion and withstand summary judgment by merely resting on its pleadings.  Fed. R. Civ. P. 56(e); *Donovan v. City of Milwaukee*, 17 F.3d 944, 947 (7th Cir. 1994).  Rule 56(e) provides that "the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986).  Thus, to demonstrate a genuine issue of fact, the non-moving party must do more than raise some metaphysical doubt as to the material

facts; the non-moving party must come forward with specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences in favor of that party. *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 234 (7th Cir. 1995); *Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 443 (7th Cir. 1994). A court's role is not to evaluate the weight of the evidence, to judge the credibility of the witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *Anderson*, 447 U.S. at 249-50; *Doe*, 42 F.3d at 443.

In an employment discrimination case, no heightened standard or separate rule of civil procedure exists that governs summary judgment in employment cases. *Alexander v. Wisconsin Dept. of Health and Family Servs.*, 263 F.3d 673, 681 (7th Cir. 2001) (citing *Wallace v. SMC Pneumatics, Inc.*, 103 F.3d 1394, 1396 (7th Cir. 1997)). However, intent and credibility are critical issues, frequently found in employment cases, which are genuinely contestable. *Id.* Nevertheless, summary judgment in favor of the defendant is hardly unknown, or for that matter, rare, in employment discrimination cases. *Wallace*, 103 F.3d at 1396.

**DISCUSSION**

In its Motion for Summary Judgment, the Defendant argues that, because the Plaintiff did not respond to the Defendant's Request for Admissions, the admissions are deemed admitted under Rule 36(a). Therefore, based on the admissions, the Defendant asserts that there exists no genuine issue as to any material fact and thus summary judgment is appropriate under Federal Rule of Civil Procedure 56.

Pursuant to Federal Rule of Civil Procedure 36(a), if a matter is requested to be admitted pursuant to that Rule, the party upon whom the request has been propounded must, within thirty days of service of the request, serve upon the party requesting the admission a written answer or objection addressed to the matter. *See* Fed. R. Civ. P. 36(a). If no such written answer or objection is served, Rule 36(a) provides that the matter is deemed admitted. *See id.*; *see also United States v. Kasuboski*, 834 F.2d 1345, 1349-50 (7th Cir. 1987) (providing that, under Rule 36(a), "a party must answer each matter for which an admission is requested within 30 days or the matter is deemed admitted"). Furthermore, "admissions made under Rule 36, even default admissions, can serve as the factual predicate for summary judgment." *Kasuboski*, 834 F.2d at 1350 (citing *Dukes v. South Carolina Ins. Co.*, 770 F.2d 545 (5th Cir.1985); *see also McCann v. Mangialardi*, 337 F.3d 782, 788 (7th Cir. 2003). According to Rule 36, "[a]ny matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission." Fed. R. Civ. P. 36(b).

On June 27, 2005, the Defendant served a Rule 36 Request for Admissions upon the Plaintiff. As of the date of the Defendant's Motion for Summary Judgment, the Defendant had not received any response, and, as of the date of this Order, the Court has not been made aware that the Defendant has since received any response. Accordingly, the Court finds that the following facts are deemed admitted pursuant to Rule 36(a) and relevant case law:

1. [The Plaintiff] did not have an employment agreement with [the Defendant] at the time of her employment termination.
2. At the time of her termination, the Plaintiff was an at-will employee.
3. On December 31, 2003, resident Evelyn Ward reported that a CNA had thrown a call light at her and that the call light had struck her (hereinafter, "the occurrence").
4. Dyer conducted an investigation of the occurrence.
5. As part of [the Defendant's] investigation of the occurrence, the Plaintiff was interviewed by [the Defendant].

5

6.  As part of [the Defendant's] investigation of the occurrence, [the Plaintiff] provided a written statement to [the Defendant].
7.  As part of [the Defendant's] investigation of the occurrence, the complaining resident and other Dyer employees were interviewed.
8.  The immediate termination of an employee's employment is an outcome contemplated by the Employee Corrective Action Program maintained by [the Defendant].
9.  [The Defendant] maintains a policy that some employee workplace offenses, if committed by an employee, are enough to warrant immediate termination of employment.
10. The Plaintiff was treated the same as other white nursing aides under the Employee Corrective Action Program.
11. During the Plaintiff's employment with [the Defendant], no other white nursing aide was accused of throwing a call light at a resident.
12. During the Plaintiff's employment with [the Defendant], [the Defendant] had terminated the employment of white nursing aides.
13. The termination of the Plaintiff's employment was not based upon her being black.[1]

Def. Mot., Ex.1, pp. 10-13.

The Plaintiff filed her claim for unlawful discharge under Article I, Section 23 of the Indiana Constitution and 42 U.S.C. §§ 1981 and 1983.  The Court will consider each basis for the Plaintiff's claim in turn.

1. *Article I, Section 23 of the Indiana Constitution*

Article I, Section 23 of the Indiana Constitution provides that "[t]he General Assembly shall not grant to any citizen, or class of citizens, privileges or immunities, which, upon the same terms, shall not equally belong to all citizens."  Ind. Const. Art. 1, § 23.  The Indiana courts have interpreted the Equal Privileges or "equal protection" clause of the Indiana Constitution noting that,

---

[1] In the Defendant's original Request for Admissions, the Defendant requested a response from three additional statements (numbered 3, 11, and 12 in the original):  [The Defendant] did not need "cause" or "just cause" to terminate the Plaintiff's employment; [The Defendant] was not required to give the Plaintiff notice prior to terminating her employment; and [The Defendant] was not required to give the Plaintiff warning prior to terminating her employment. The Court finds that these statements are questions of law, not fact, and thus are not deemed admitted.

> [t]his provision imposes two requirements upon statutes that grant unequal privileges or immunities to differing classes of persons. First, the disparate treatment accorded by the legislation must be reasonably related to inherent characteristics which distinguish the unequally treated classes. Second, the preferential treatment must be uniformly applicable and equally available to all persons similarly situated. Finally, in determining whether a statute complies with or violates [Article I,] Section 23 [of the Indiana Constitution], courts must exercise substantial deference to legislative discretion.

*Morrison v. Sadler*, 821 N.E.2d 15, 21 (Ind. Ct. App. 2005) (citation omitted). Further, "the party challenging the statute must 'negative every conceivable basis which might have supported the classification,'" *id*. at 22 (quoting *Collins v. Day*, 644 N.E.2d 72, 78-79 (Ind. 1994)), and any doubts are resolved against the party bringing the challenge, *id*. at 21 (quoting *Dvorak v. City of Bloomington*, 796 N.E.2d 236, 239 (Ind. 2003)).

Indiana courts have interpreted the requirements of the "Equal Privileges" clause to "govern not only state statutes, but also the enactments and actions of county, municipal, and other governmental agencies and their equivalents." *Bloomington Country Club, Inc. v. City of Bloomington Water and Wastewater Utils.*, 827 N.E.2d 1213 (Ind. Ct. App. 2005) (quoting *Dvorak*, 796 N.E.2d at 238). Here, the Plaintiff's Amended Complaint alleges that the Defendant is a business incorporated in the State of Indiana and operating under the laws of Indiana "that provides health care services to meet the needs of convalescing adults in the community." Pl. Am. Compl. at 2. The Plaintiff does not allege that the Defendant is a governmental agency or equivalent thereto or that there is any legislation depriving her of privileges and immunities or equal protection under Article I, Section 23 of the Indiana Constitution. Therefore, the Plaintiff's claim cannot proceed under Article I, Section 23 of the Indiana Constitution. *See Baker v. American Juice, Inc.*, 870 F. Supp. 878, 881-82 (N.D. Ind. 1994) (holding that a former employee of a privately-owned corporation had no cause of action based on employment discrimination against the corporation that

7

terminated his employment either under the Fourteenth Amendment of the U.S. Constitution or Article I of the Indiana Constitution and finding that the Federal Constitution erected no shield against merely private conduct, however discriminatory or wrongful, and that the Indiana Constitution was no different in what it defended, i.e. the rights of the citizens of Indiana against the governing power of the state).

The Plaintiff has not responded to the Defendant's motion for summary judgment. Further, because the Plaintiff never responded to the Defendant's Request for Admissions, the Court has deemed admitted all facts submitted in the Request for Admissions by the Defendant. Therefore, the Plaintiff cannot raise a genuine issue of material fact, and judgment as a matter of law is appropriate.

2. *42 U.S.C. § 1981*

Section 1981 provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other." 42 U.S.C. § 1981(a). Section 1981(b) further provides that the terminology "to make and enforce contracts" is defined as "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b). The statute protects against impairments by non-governmental and governmental discrimination. 42 U.S.C. § 1981(c).

The Court analyzes § 1981 discrimination claims in the same manner as claims brought pursuant to Title VII of the Civil Rights Act. *Alexander v. Wis. Dep't of Health and Human Servs.*, 263 F.3d 673, 681-82 (7th Cir. 2001); *Bratton v. Roadway Package Sys. Inc.*, 77 F.3d 168, 176 (7th Cir. 1996) (citing *Piliditch v. Board of Educ. of City of Chicago*, 3 F.3d 1113, 1116 (7th Cir. 1993), *cert. denied*, 510 U.S. 1116 (1994)). A plaintiff may overcome a defendant's summary judgment motion by establishing discrimination through either the "direct" or "indirect" method of proof. *Cerutti v. BASF Corp.*, 349 F.3d 1055, 1060 (7th Cir. 2003). Regardless of the method, the burden is on the plaintiff on summary judgment to demonstrate that genuine issues exist for trial. *Markel v. Bd. of Regents of the Univ. of Wisc. Sys.*, 276 F.3d 906, 910 (7th Cir. 2002).

Under the direct method of proof, a plaintiff may demonstrate discrimination with either direct evidence or circumstantial evidence. Direct evidence is evidence that, if believed by the trier of fact, would prove discriminatory conduct on the part of the employer without reliance on inference or presumption. *Rogers v. City of Chicago*, 320 F.3d 748, 753 (2003); *Plair v. E.J. Brach & Sons, Inc.*, 105 F.3d 343, 347 (7th Cir. 1997). Thus, "[d]irect evidence 'essentially requires an admission by the decision-maker that his actions were based upon the prohibited animus.'" *Rogers*, 320 F.3d at 753; *Radue v. Kimberly-Clark Corp.*, 219 F.3d 612, 616 (7th Cir. 2000). While the Seventh Circuit has held that a plaintiff can proceed under the direct method of proof with circumstantial evidence, *Davis v. Con-Way Transp. Cent. Express, Inc.*, 368 F.3d 776, 783 (7th Cir. 2004), the circumstantial evidence "must point directly to a discriminatory reason for the employer's action." *Adams v. Wal-Mart Stores, Inc.*, 324 F.3d 935, 939 (7th Cir. 2003).

The indirect method of proving discrimination is articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973). *See Williams v. Waste Mgmt. of Illinois*, 361 F.3d 1021,

1034 (7th Cir. 2004); *Cerutti*, 349 F.3d at 1061.  Under *McDonnell Douglas*, a plaintiff must first establish a *prima facie* case of race discrimination by showing that: (1) he is a member of a protected class; (2) he suffered an adverse employment action; (3) at the time of his discharge, he was meeting his employer's legitimate work expectations; and (4) he was treated less favorably than similarly situated employees outside of his protected class.  *McDonnell Douglas*, 411 U.S. at 802; *Peters v. Renaissance Hotels Operating Co.*, 307 F.3d 535, 545 (7th Cir. 2002); *Bratton v. Roadway Package Sys. Inc.*, 77 F.3d 168, 176 (7th Cir. 1996).

Once the plaintiff establishes a *prima facie* case, an inference of discrimination exists, and the burden of production then shifts to the employer to articulate a legitimate non-discriminatory reason for the adverse employment action.  *McDonnell Douglas*, 411 U.S. at 802; *Millbrook v. IBP, Inc.*, 280 F.3d 1169, 1174 (7th Cir. 2002) (citing *Emmel v. Coca-Cola Bottling Co. of Chicago*, 95 F.3d 627, 629 (7th Cir. 1996)).  If such a reason is supplied, then the inference of discrimination evaporates, and the employee must show that the stated reason is merely a pretext for unlawful discrimination.  *Davis v. Con-Way Transp. Cent. Express, Inc.*, 368 F.3d 776, 784 (7th Cir. 2004); *Millbrook*, 280 F.3d at 1174.

In this case, the burden is on the Plaintiff to demonstrate a genuine issue exists for trial.  However, the Plaintiff has not responded to the Defendant's motion and has offered no direct or indirect evidence of discrimination.  In addition, because the Plaintiff never responded to the Defendant's Request for Admissions, the Court has deemed admitted all facts alleged by the Defendant. As the Court has found that the matters with regard to the Defendant's Request for Admissions are now admitted, the Plaintiff cannot, as a matter of law, raise a genuine issue of material fact to establish a prima facie case of race discrimination and prevent the entry of summary

judgment in favor of the Defendant.  Thus, the Defendant is entitled to entry of judgment as a matter of law in its favor on the Amended Complaint.

### CONCLUSION

Accordingly, based on the foregoing reasons, the Court **GRANTS** the Defendant's Motion for Summary Judgment [DE 10].  The Court **ORDERS** that judgment be entered in favor of the Defendant, Dyer Nursing and Rehabilitation Center, and against the Plaintiff, Estella Jones, on the Plaintiff's Amended Complaint.

All pretrial and trial dates are **VACATED**.

SO ORDERED this day 10th of November, 2005.

s/ Paul R. Cherry<br>
MAGISTRATE JUDGE PAUL R. CHERRY<br>
UNITED STATES DISTRICT COURT

cc:  All counsel of record