# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### HAMMOND DIVISION

| | | |
|---|---|---|
| ESTELLA JONES, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.:  2:04-CV-508-PRC |
| | ) | |
| DYER NURSING AND REHABILITATION | ) | |
| CENTER, | ) | |
|     Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on a Rule 60 Motion for Relief from Judgment [DE 15], filed by Plaintiff Estella Jones on February 24, 2006.  The Defendant filed a response in opposition to the motion on March 8, 2006.  The Plaintiff has not filed a reply.  Because the Court finds that the Plaintiff's failure to respond to the Defendant's Motion for Summary Judgment does not constitute "excusable neglect," the Court denies the Plaintiff's motion.

## PROCEDURAL BACKGROUND

On April 28, 2004, the Plaintiff filed a Complaint in the Lake Superior Court.  On June 1, 2004, the Defendant filed a timely Answer and Affirmative Defenses.  On November 1, 2004, the Plaintiff filed an Amended Complaint alleging unlawful discharge in violation of her rights under Article I, Section 23 of the Indiana Constitution and 42 U.S.C. §§ 1981 and 1983.  The Plaintiff's claim arises from her alleged "unlawful termination as a nursing aid [sic] because of her race and unequal treatment."  Pl. Am. Compl. at 1.  The Defendant removed the cause of action to the United States District Court for the Northern District of Indiana pursuant to 28 U.S.C. § 1441.  On December 16, 2004, the Defendant filed a timely Answer and Affirmative Defenses to the Plaintiff's

Amended Complaint.

The parties participated in a Preliminary Pretrial Conference on February 17, 2005. Thereafter, on June 27, 2005, the Defendant served on the Plaintiff's counsel its First Set of Interrogatories and Request for Admissions pursuant to Federal Rules of Civil Procedure 33 and 36. Under Rule 36(a), the time for the Plaintiff to serve written answers or objections was on or before August 1, 2005.

After receiving no response to the Request for Admissions from the Plaintiff, Defendant's counsel advised the Plaintiff's counsel by letter dated August 9, 2005 that the Defendant deemed the matters admitted.

On August 24, 2005, Plaintiff's counsel mailed a letter to Defendant's counsel indicating that he had been out of town on several occasions during the months of July and August and requested an additional thirty (30) days to respond to the Defendant's discovery requests.

On August 26, 2005, the Defendant filed a Motion for Summary Judgment and supporting brief. The Plaintiff did not file a response to the Defendant's Motion for Summary Judgment. On November 10, 2005, based on the Plaintiff's failure to respond to the Defendant's discovery requests and to the Defendant's Motion for Summary Judgment, the Court deemed the facts set forth in the Defendant's discovery requests admitted pursuant to Federal Rule of Civil Procedure 36(a) and relevant caselaw and granted the Defendant's Motion for Summary Judgment.

On February 24, 2006, the Plaintiff filed the instant Rule 60 Motion for Relief from Judgment. The Defendant filed a response in opposition to the motion on March 8, 2006. The Plaintiff did not file a reply in support of her motion.

The parties have consented to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Thus, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

## ANALYSIS

The Plaintiff requests that the Court set aside the judgment and allow her a reasonable opportunity to respond to the Defendant's Motion for Summary Judgment and to answer the Defendant's discovery requests. The Plaintiff claims that since the loss of her job, she has suffered severe financial hardship causing her to go through a consistent period of depression, which made her unavailable to respond to the Defendant's discovery requests. Additionally, counsel for the Plaintiff asserts that he was unaware of the electronic filing of the Defendant's Motion for Summary Judgment on August 26, 2005, and that he was only informed about such filing on January 31, 2006, when he telephoned the mediator to inquire about a mediation date for this matter and was told that the case had been dismissed via summary judgment motion. Counsel for the Plaintiff further claims that he was not familiar with the Court's new e-mail procedure and was neglectful in not checking the electronic filing e-mail system. Counsel for Plaintiff contends that the sequence of above events amounts to excusable neglect and therefore warrants relief from judgment pursuant to Rule 60(b).

Rule 60(b) of the Federal Rules of Civil Procedure provides in relevant part: "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . ." "Excusable neglect" can include "omissions through carelessness and mistake," *Robb v. Norfolk & Western Railway Company*, 122 F.3d 354, 358 (7th Cir. 1997) (citing *Matter of Bulic*, 997 F.2d 299, 302 (7th Cir. 1993); *Matter of Singson*, 41 F.3d 316, 319 (7th Cir. 1994)), as well as "situations in which the failure to comply with a filing deadline is attributable to negligence," *id.* (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership,* 507 U.S. 380 (1993)); *see also Tate v. Riverboat Srvcs., Inc.*, 305 F. Supp. 2d 916, 919-20 (N.D. Ind. 2004). "Although attorney carelessness can constitute 'excusable neglect' under Rule 60(b)(1), attorney

inattentiveness to litigation is not excusable, no matter what the resulting consequences the attorney's somnolent behavior may have on a litigant." *Harrington v. City of Chicago,* 433 F.3d 542, 546 (7th Cir. 2006) (citing *Easley v. Kirmsee*, 382 F.3d 693, 698 (7th Cir. 2004) (internal citations omitted)). The general rule is that "inexcusable attorney negligence does not constitute proper grounds for relief under Rule 60(b)(1)." *Helm v. Resolution Trust Corp.,* 84 F.3d 874, 878 (7th Cir. 1996). "Litigants whose lawyers fall asleep at critical moments may seek relief from the somnolent agents; inexcusable inattention to the case . . . does not justify putting the adversary to the continued expense and uncertainty of litigation." *United States v. Golden Elevator, Inc.,* 27 F.3d 301, 303 (7th Cir. 1994). It is also widely accepted that neglect due to a busy schedule is not excusable. *See Harrington,* 433 F.3d at 548. The determination of what constitutes "excusable neglect" is within the discretion of the trial court, which should take into consideration "all relevant circumstances surrounding the party's omission," including the "danger of prejudice to the [defendant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer*, 507 U.S. at 395.

The Court finds that it should not grant relief from judgment and allow the Plaintiff an opportunity to belatedly respond to the Defendant's Motion for Summary Judgment or to answer the Defendant's discovery requests. The Plaintiff failed to respond to the Defendant's written discovery requests even after receipt of the August 9, 2005 letter from defense counsel advising that the Defendant would proceed as if the matters were deemed admitted.[1] Further, the claimed

---

[1]Although not critical to the Court's analysis, the Court notes that the asserted reason for the Plaintiff's failure to respond to the Defendant's discovery responses remains unclear. Plaintiff's counsel's August 24, 2005 letter to defense counsel stated that Plaintiff's counsel had been out of town on several occasions during the months of July and August and thus requested an additional 30 days to respond to the Defendant's discovery requests. However, Plaintiff now asserts in the instant motion that she was unable to respond to the discovery requests because she was suffering from

"surprise" by Plaintiff's counsel at the filing of the Defendant's Motion for Summary Judgment was, by his own admission, the result of his own negligence in not checking the electronic filing e-mail system.[2] Perhaps most concerning though, is the fact that after Plaintiff's counsel sent the August 24, 2005 letter to defense counsel, he apparently gave no attention to this matter for over five months until he contacted the mediator to inquire as to a date for mediation. During this five month-period, Plaintiff's counsel failed to follow up with defense counsel regarding the Plaintiff's discovery responses, failed to respond to the discovery requests, and failed to monitor the electronic filing e-mail system for any filings by the Defendant or orders issued by the Court. Even after becoming aware on January 31, 2006, that the Court had granted the Defendant's Motion for Summary Judgment, counsel for the Plaintiff did not file the instant five page motion for relief from judgment until February 24, 2006. This conduct does not constitute excusable neglect. Accordingly, the Court finds that the granting of the Defendant's Motion for Summary Judgment and entry of judgment against the Plaintiff should stand.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** the Rule 60 Motion for Relief from Judgment [DE 15].

SO ORDERED this 21st day of June, 2006.

---

a "consistent period of depression."

[2]On November 15, 2004, the Chief Judge of this Court issued a Notice to the public and members of the practicing bar for the Northern District of Indiana, which provided in relevant part:

> **Effective January 1, 2005, the judges of this court will enforce the CM/ECF User Manual, which requires that <u>all</u> documents (other than those specifically excepted by the User Manual) shall be filed electronically in all cases.**

(emphasis in original).

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc:    All counsel of record